UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 15-61 |
| SHEILA MATHIEU | SECTION: "E" |

### ORDER AND REASONS

Before the Court is Defendant Sheila Mathieu's Motion for Expungement.[1] The Government filed an opposition.[2] For the following reasons, Defendant's Motion for Expungement is **DENIED**.

### BACKGROUND

On October 1, 2015, Defendant Sheila Mathieu pled guilty to count one of a superseding bill of information, charging her with aiding and abetting theft of government money.[3] On August 30, 2017, Defendant was sentenced to one year probation.[4] Defendant now requests this conviction be expunged from her record.[5]

### LAW AND ANALYSIS

Defendant seeks expungement of her conviction of aiding and abetting theft of government money. Though Congress has granted courts statutory authority to expunge certain criminal violations, such as 18 U.S.C. § 3607(c), there is no statute for Defendant's offense. "Absent specific statutory authority, the scope of a district court's power to order expungement of executive-branch records is narrow: 'In order to have standing to seek expungement, the party seeking expungement against executive agencies must assert an

---

[1] R. Doc. 1957.
[2] R. Doc. 1959
[3] R. Doc. 377
[4] R. Doc. 1237
[5] R. Doc. 1957

1

affirmative rights violation by the executive actors holding the records of [an] overturned conviction.'"[6] Because a district court "lacks power to order the official records of an *overturned* conviction rewritten, it follows as an *a fortiori* matter that the court is not empowered to do in a case . . . in which the validity of the original conviction is unquestioned."[7] It is only under exceptional circumstances in which a district court may order the expungement of criminal records; however, there is a strong presumption against expungement, and the circumstances in which it is appropriate are increasingly narrow.[8]

In this case, Defendant does not assert that her conviction was invalid, nor does she argue any "affirmative rights violations."[9] Instead, Defendant requests that her record be expunged merely because she completed the terms of her probation.[10] Accordingly, the Court has no authority to expunge her record.

## CONCLUSION

**IT IS ORDERED** that Defendant's Motion for Expungement[11] is **DENIED**.

**New Orleans, Louisiana, this 3rd day of August, 2023.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[6] *Melawer v. United States*, 341 Fed. App'x 83, 84 (5th Cir. 2009) (citing *Sealed Appellant v. Sealed Appelle*, 130 F.3d 695, 699 (5th Cir. 1997))
[7] *United States v. Scott*, 793 F.2d 117, 118 (5th Cir. 1986); *see also United States v. Teshima-Jiminez*, No. C.R.A. 97-87, 2001 WL 913833, at *1 (E.D. La. Aug. 14, 2001) ("A court may not order expungement of arrest records where a conviction was validly obtained.")
[8] *United States v. Fields*, No. C.R.A. 83-419, 2013 WL 1403214 (E.D. La. April 5, 2013); *United States v. Jones*, 2022 WL 1078025 (M.D. La. April 11, 2022) (citing *Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 699 (5th Cir. 1997))
[9] *Melawer v. United States*, 341 Fed. App'x 83, 84 (5th Cir. 2009) (citing *Sealed Appellant v. Sealed Appelle*, 130 F.3d 695, 699 (5th Cir. 1997))
[10] R. Doc. 1957
[11] *Id.*